SEYFARTH SHAW LLP
Nick C. Geannacopulos (SBN 114822) ngeannacopulos@seyfarth.com
Cassandra H. Carroll (SBN 209123) ccarroll@seyfarth.com
Ashley E. Choren (SBN 260337) achoren@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendants
DAVIS CALIBRATION, LLC aka
DAVIS INOTEK INSTRUMENTS, LLC,
and STEVEN TIEDEMANN

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAY MARTIN, GREG PARKER, HARVEY BUTLER, and ANDREW SYMONS,<br><br>Plaintiffs,<br><br>v.<br><br>DAVIS CALIBRATION, LLC, aka DAVIS INOTEK INSTRUMENTS, LLC, STEVEN TIEDEMANN, and DOES 1-50, inclusive<br><br>Defendants. | Case No. C 09-2618 JF (PVT)<br><br>**STIPULATION AND PROPOSED ORDER TO THE FILING OF PLAINTIFFS' FIRST AMENDED COMPLAINT, DISMISSAL OF DEFENDANT STEVEN TIEDEMANN AND THE THIRD, NINTH AND TWELFTH CAUSES OF ACTION**<br><br>Date:      September 18, 2009<br>Time:      9:00 a.m.<br>Dept.:      Courtroom 3<br>Judge:    Honorable Jeremy Fogel |

Plaintiffs Jay Martin, Greg Parker, Andrew Symons, and Harvey Butler by and through their attorney of record, Frank E. Mayo, and Defendants Davis Calibration, LLC aka Davis Inotek Instruments, LLC and Steven Tiedemann by and through their attorneys, Seyfarth Shaw LLP, hereby stipulate and agree to the following:

1.      In response to the Special Motion to Strike Plaintiffs' Complaint ("Anti-SLAPP") (C.C.P. § 425.16) filed by Defendant Steven Tiedemann on July 14, 2009 and pursuant to Rule 15 of the Federal Rule of Civil Procedure, Plaintiffs are granted leave to file a First Amended Complaint dismissing the Third, Ninth and Twelfth causes of action of the original Complaint. The proposed amended complaint is attached hereto as Exhibit

A.  Plaintiff shall file their First Amended Complaint by October 8, 2009.  Defendant

Davis Calibration's Answer to Plaintiffs' original Complaint, filed on June 12, 2009

[Docket No. 1], will be deemed its Answer to Plaintiffs' First Amended Complaint.

2.      Plaintiffs hereby agree to dismiss their Third, Ninth, and Twelfth causes of action set

forth in the original Complaint from this action with prejudice.

3.      Plaintiffs hereby agree to dismiss Defendant Steven Tiedemann from this action with

prejudice;

4.      Defendant Steven Tiedemann hereby withdraws his Special Motion to Strike Plaintiffs'

Complaint ("Anti-SLAPP") (C.C.P. § 425.16) and Request for Fees and Costs pursuant

to that motion, however Plaintiffs agree to pay Defendant Steven Tiedemann five-

hundred dollars ($500.00) by October 8, 2009.

DATED: _9/17/09_____                SEYFARTH SHAW LLP

                                        By _Ashley Choren_____
                                           Nick C. Geannacopulos
                                           Cassandra H. Carroll
                                           Ashley E. Choren

                                        Attorneys for Defendants

DATED: _9/17/09_____                LAW OFFICES OF FRANK E. MAYO

                                        By_____
                                           Frank E. Mayo

                                        Attorney for Plaintiffs

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: _____9/22_____, 2009

                                        _____
                                        JEREMY FOGEL
                                        UNITED STATES DISTRICT JUDGE

SF1 28169576.1 / 67094-000002

# EXHIBIT A

FRANK E. MAYO/SB #42972
LAW OFFICE OF FRANK E. MAYO
5050 El Camino Real, Ste. 228
Los Altos, CA 94022

(650) 964-8901

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAY MARTIN, GREG PARKER, HARVEY BUTLER, and ANDREW SYMONS,<br><br>        Plaintiffs,<br><br>    vs.<br><br>DAVIS CALIBRATION, LLC, aka DAVIS INOTEK INSTRUMENTS, LLC<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO C09 02618 JF<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES; FOR DISCRIMINATION IN EMPLOYMENT, BASED ON AGE AND MEDICAL CONDITION, California Fair Employment and Practice Act, FOR UNPAID COMPENSATION, WAITING TIME PENALTIES Under CAL Labor Code § 201 TERMINATION OF EMPLOYMENT CAL GOV. CODE 12940 FOR REASONS VIOLATIVE OF PUBLIC POLICY |

JURY TRIAL DEMANDED

Plaintiffs make complaint against Defendant as follows:

CAPACITY AND STANDING

1.   Plaintiffs Jay Martin, Greg Parker, Harvey Butler and Andrew Symons are now and were at all times residents of the State of California.

1

1   division of General Electric in which Plaintiff Jay Martin was

2   employed. At the time of said acquisition, Plaintiff Jay Martin

3   became an employee of Defendant under the same terms and

4   conditions under which he was employed at General Electric and

5   commenced his employment at its Santa Clara County Facility.

6       6.   In consideration for Defendant's agreement to employ

7   Plaintiff, Jay Martin agreed to utilize best efforts in serving

8   Defendant's interest and to work no less than 40 hours per week

9   in said capacity.

10      7.   Defendant terminated Plaintiff Jay Martin's employment

11  on January 31, 2007. At the time of his employment termination

12  his earned annual compensation was in excess of $100,000 annually

13  and at all relevant times herein mentioned Plaintiff was

14  qualified for the position he held with Defendant.

15      8.   On January 31, 2009 Defendant acting by and through its

16  managerial employees Louis Romano and Rob Flack discriminated

17  against Plaintiff Jay Martin because of his age by terminating

18  his employment with Defendant.

19      9.   As a proximate result of these discriminatory acts

20  against Plaintiff as alleged above Plaintiff has been damaged in

21  that Plaintiff has suffered the loss of his wage, salary, and

22  other benefits of his employment he would have received if he had

23  not been terminated for discriminatory reasons.

24      10.  As a further proximate result of Defendant's

25  discriminatory actions against Plaintiff as alleged above,

26  Plaintiff has been harmed in that he has suffered the loss of

27  employment related opportunities all to his general damage in a

28  sum not yet ascertained.

1      11.  As a further proximate result of Defendant's

2  discriminatory action against plaintiff as hereinabove alleged

3  Plaintiff has been harmed in that he has been injured in his mind

4  and body and has suffered severe and intense emotional distress

5  all in an amount not yet ascertained but within the

6  jurisdictional limits of this court.

7      12.  The termination of Plaintiff's employment as herein

8  above described was malicious and oppressive warranting the

9  assessment of exemplary damage in a sum according to proof.

10      13.  Within one year of the discriminatory acts of Defendant

11  as herein above described Plaintiff has filed charges of

12  discrimination with the California Department of Fair Employment

13  and Housing and it has provided Plaintiff its Notice of Right to

14  Sue within one year prior to the initiation of this action.

15                      COUNT II

16               UNPAID COMPENSATION

17                 (Jay Martin)

18      14.  Plaintiff incorporates herein by reference paragraphs

19  one through three of this complaint as though set forth in full

20  herein.

21      15.  Plaintiff Jay Martin as an employee of General Electric

22  pursuant to the written policies of General Electric had an

23  employee benefit consisting of the right to be paid one week's

24  severance pay for each year of service in the event his

25  employment was terminated pursuant to a reduction in force by

26  General Electric.

27      16.  At the time Plaintiff commenced employment with

28  Defendant Davis Calibration, Defendant Davis Calibration, LLC by

1  and through its managerial employees expressly represented to and
2  agreed with Plaintiff Jay Martin that the policies of General
3  Electric pertaining to employee benefits would continue and that
4  Plaintiff Jay Martin would have the same benefits as an employee
5  of Davis Calibration; as he had with General Electric and that
6  his length of service with Davis Calibration would be computed
7  based on his initial date of employment with General Electric.

8      17.  At the time of his employment termination as herein
9  above alleged Plaintiff Jay Martin was entitled to receive
10 thirteen weeks severance pay based on his date of initial
11 employment with General Electric. Said funds were not paid within
12 twenty-four hours of Plaintiff Jay Martin's termination as
13 required under California Labor Code Sec. 201-203.

14     18.  Further Davis Calibration withheld one week of pay from
15 Plaintiff Jay Martin, which was not paid him within the twenty-
16 four hours of Plaintiff Jay Martin's employment termination.
17 Plaintiff Jay Martin is therefore entitled to waiting time
18 penalties in the sum equal to compensation for thirty working
19 days as well as attorney fees under California Labor Code Sec.
20 317.

21                          COUNT III

22                  DISCRIMINATION IN EMPLOYMENT

23                       (Greg Parker)

24     19.  Plaintiff incorporates herein by reference paragraphs
25 one through three of this complaint as though set forth in full.

26     20.  In the year 1994 General Electric employed Plaintiff
27 Greg Parker in a technical position at General Electric's San
28 Jose, CA facility. Plaintiff continued in said position until

1  Defendant in the year 2006 acquired the division of General

2  Electric in which Greg Parker was employed. At the time of said

3  acquisition Plaintiff Greg Parker became an employee of Defendant

4  under the same terms and conditions under which he was employed

5  at General Electric and commenced his employment at its Santa

6  Clara County facility.

7      21.  In consideration for Defendant's agreement to employ

8  Plaintiff, Greg Parker agreed to utilize best efforts in serving

9  Defendant's interest and to work no less than 40 hours per week

10  in the capacity of Laboratory Manager for Defendant Davis

11  Calibration.

12      22.  In the year 2008 Plaintiff Greg Parker suffered a heart

13  attack with attendant medical intervention and modification of

14  his life style. This caused defendant Davis Calibration's

15  managerial employees to perceive Plaintiff as suffering from a

16  disability as "disability" is defined under the California Fair

17  Employment and Housing Act.

18      23.  Because of said perception Defendant Davis Calibration,

19  acting by and through its managerial employees Craig Fink, Stuart

20  Hopkins and Robert Flack, discriminated against and demoted

21  Plaintiff Greg Parker from his position as Laboratory Manager to

22  the position of technician on September 5, 2008. Thereafter on or

23  about January 31, 2009, Plaintiff Greg Parker's employment was

24  terminated pursuant to purported "Reduction in Force" by

25  Defendant David Calibration. Had Plaintiff not suffered a

26  demotion in September of 2008, his employment with Davis

27  Calibration would not have terminated through a Reduction in

28  Force.

1    24.  At the time of his employment termination, Plaintiff

2  earned an annual compensation in excess of $75,000 annually and

3  at all relevant times herein mentioned Plaintiff was qualified

4  for the position he held with Defendant as Laboratory Manager.

5    25.  As a proximate result of these discriminatory acts

6  against Plaintiff as alleged above, Plaintiff has been damaged in

7  that Plaintiff has suffered the loss of his wage, salary, and

8  other benefits of his employment he would have received if he had

9  not been terminated for discriminatory reasons.

10    26.  As a further proximate result of Defendant's

11  discriminatory actions against Plaintiff as alleged above

12  Plaintiff has been harmed in that he has suffered the loss of

13  employment related opportunities all to his general damage in a

14  sum not yet ascertained.

15    27.  As a further proximate result of Defendant's

16  discriminatory action against Plaintiff as hereinabove alleged

17  Plaintiff has been harmed in that he has been injured in his mind

18  and body and has suffered severe and intense emotional distress

19  all in an amount not yet ascertained but within the

20  jurisdictional limits of this court.

21    28.  The demotion of Plaintiff as herein above described was

22  malicious and oppressive warranting the assessment of exemplary

23  damage in a sum according to proof.

24    29.  Within one year of the discriminatory acts of Defendant

25  as hereinabove described Plaintiff has filed charges of

26  discrimination with the California Department of Fair Employment

27  and Housing and it has provided Plaintiff its Notice of Right to

28  Sue within one year prior to the initiation of this action.

7

<br>

Count IV

Unpaid Compensation

(Greg Parker)

30.   Plaintiff incorporates herein by reference paragraphs one through three of this complaint as though set forth in full.

31.   Plaintiff Greg Parker as an employee of General Electric pursuant to the written policies of General Electric had an employee benefit consisting of the right to be paid one week's severance pay for each year of service in the event his employment was terminated pursuant to a reduction in force by General Electric.

32.   At the time Plaintiff commenced employment with Defendant Davis Calibration, LLC by and through its managerial employees expressly represented to and agreed with Plaintiff Greg Parker that the policies of General Electric pertaining to employee benefits would continue and that Plaintiff Greg Parker would have the same benefits as an employee of Davis Calibration as he had with General Electric and that his length of service with Davis Calibration would be computed based on his initial date of employment with General Electric.

33.   At the time of his employment termination as herein above alleged Plaintiff Greg Parker was entitled to receive fifteen weeks severance pay based on his date of initial employment with General Electric. Said funds were not paid within twenty-four hours of Plaintiff Greg Parker's termination as required under California Labor Code Sec. 201-203.

34.   Further Davis Calibration withheld one week of pay from Plaintiff Greg Parker which was not paid him within the twenty-

8

1    four hours of Plaintiff Greg Parker's employment termination.

2    Plaintiff Greg Parker is therefore entitled to waiting time

3    penalties in the sum equal to compensation for thirty working

4    days as well as attorney fees under California Labor Code Section

5    317.

6                              COUNT V

7                 Wrongful Termination of Employment

8                          (Greg Parker)

9        35.  Plaintiff incorporates herein by reference paragraphs

10   one through three of this complaint as though set forth in full.

11       36.  During the period of Greg Parker's employment with

12   Defendant Davis Calibration he became aware of and protested

13   Davis Calibration managerial employees' conduct which was

14   authorized by its managerial employees which was in violation of

15   California Policy.

16       37.  More particularly said conduct consisted of fraud

17   perpetrated on customers of Davis Calibration who submitted

18   product designed and assembled by them to David Calibration for

19   reliability and environmental testing. These products after

20   testing were distributed to commercial customers.

21       38.  Davis Calibration did represent to customers that it

22   had completed the testing required by the customer to ensure the

23   product did not possess undue risk of or injury to the general

24   public when it had not conducted the appropriate testing.

25       39.  As a result of the protestation of Plaintiff regarding

26   this fraud of Davis Calibration, Davis Calibration did terminate

27   Greg Parker's employment as hereinabove alleged.

28       40.  As a result of Defendant's retaliation against

1  Plaintiff as alleged above Plaintiff has been harmed in that he

2  has suffered the loss of employment and employment related

3  opportunities all to his general damage in a sum not yet

4  ascertained.

5       41.  As a further proximate result of Defendant's

6  retaliatory action against Plaintiff as hereinabove alleged

7  Plaintiff has been harmed in that he has been injured in his mind

8  and body and has suffered severe and intense emotional distress.

9       42.  The termination of Plaintiff as herein above described

10  was malicious and oppressive warranting the assessment of

11  exemplary damage.

12                          COUNT VI

13                     Wrongful Termination

14                       (Andrew Symons)

15       43.  Plaintiff incorporates herein by reference paragraphs

16  one through three of this complaint as though set forth in full.

17       44.  In the year 2001 General Electric employed Plaintiff

18  Andrew Symons as a technician at General Electric's Sunnyvale

19  California facility. Plaintiff continued in said position until

20  Defendant in the year 2006 acquired the division of General

21  Electric in which Plaintiff Andrew Symons was employed. At the

22  time of said acquisition, Plaintiff Andrew Symons became an

23  employee of Defendant under the same terms and conditions under

24  which he was employed at General Electric and commenced his

25  employment at its Santa Clara County Facility.

26       45.  In consideration for Defendant's agreement to employ

27  Plaintiff, Plaintiff Andrew Symons agreed to utilize best efforts

28  in serving Defendant's interest and to work no less than 40 hours

1   per week in said capacity.

2       46.   Defendant terminated Plaintiff Andrew Symons'

3   employment on January 31, 2007. At the time his employment

4   termination he earned annual compensation in excess of $75,000

5   annually and at all relevant times herein mentioned Plaintiff was

6   qualified for the position he held with Defendant.

7       47.   During the period of Andrew Symons' employment with

8   Defendant he became aware of and protested Davis Calibration's

9   managerial employees conduct, which was authorized by its

10  managerial employees which was in violation of California Policy.

11      48.   More particularly said conduct consisted of fraud

12  perpetrated on customers of Davis Calibration who submitted

13  product designed and assembled by them to David Calibration for

14  reliability and environmental testing. These products after

15  testing were distributed to commercial customers.

16      49.   Davis Calibration did represent to customers that it

17  had completed the testing required by the customer to ensure the

18  product did not possess undue risk of or injury to the general

19  public when it had not conducted the appropriate testing.

20      50.   As a result of the protestation of Plaintiff regarding

21  this fraud of Davis Calibration, Davis Calibration did terminate

22  Andrew Symons's employment as hereinabove alleged.

23      51.   As a result of Defendant's retaliation against

24  Plaintiff as alleged above Plaintiff has been harmed in that he

25  has suffered the loss of employment and employment related

26  opportunities all to his general damage in a sum not yet

27  ascertained.

28      52.   As a further proximate result of Defendant's

11

1 | retaliatory action against Plaintiff as hereinabove alleged
2 | Plaintiff has been harmed in that he has been injured in his mind
3 | and body and has suffered severe and intense emotional distress.

4 |   53. The termination of Plaintiff as herein above described
5 | was malicious and oppressive warranting the assessment of
6 | exemplary damage.

7 | COUNT VII

8 | Unpaid Compensation

9 | (Andrew Symons)

10 |   54. Plaintiff incorporates herein by reference paragraphs
11 | one through three of this complaint as though set forth in full.

12 |   54. Plaintiff Andrew Symons as an employee of General
13 | Electric pursuant to the written policies of General Electric had
14 | an employee benefit consisting of the right to be paid one week's
15 | severance pay for each year of service in the event his
16 | employment was terminated.

17 |   55. At the time Plaintiff commenced employment with
18 | Defendant Davis Calibration, LLC by and through its managerial
19 | employees expressly represented to and agreed with Plaintiff
20 | Andrew Symons that the policies of General Electric pertaining to
21 | employee benefits would continue and that Plaintiff Andrew Symons
22 | would have the same benefits as an employee of Davis Calibration
23 | as he had with General Electric and that his length of service
24 | with Davis Calibration would be computed based on his initial
25 | date of employment with General Electric.

26 |   56. At the time of his employment termination as herein
27 | above alleged Plaintiff Andrew Symons was entitled to receive
28 | nine weeks severance pay based on his date of initial employment

12

1   with General Electric. Said funds were not paid within twenty-
2   four hours of Plaintiff Andrew Symons' termination as required
3   under California Labor Code Sec. 201-203.

4       57.   Further Davis Calibration withheld one week of pay from
5   Plaintiff Andrew Symons, which was not paid him within the
6   twenty-four hours of Plaintiff Andrew Symons's employment
7   termination. Plaintiff Andrew Symons is therefore entitled to
8   waiting time penalties in the sum equal to compensation for
9   thirty working days as well as attorney fees under California
10  Labor Code Section 317.

11                          COUNT VIII
12                      Wrongful Termination
13                        (Harvey Butler)

14      58.   Plaintiffs incorporate herein by reference paragraphs
15  one through three of this complaint as though set forth in full.

16      59.   In the year 2004 General Electric employed Plaintiff
17  Harvey Butler as a technician at General Electric's Sunnyvale,
18  California facility. Plaintiff continued in said position until
19  Defendant in the year 2006 acquired the division of General
20  Electric in which Plaintiff Harvey Butler was employed. At the
21  time of said acquisition, Plaintiff Harvey Butler became an
22  employee of Defendant under the same terms and conditions under
23  which he was employed at General Electric and commenced his
24  employment at its Santa Clara County Facility.

25      60. In consideration for Defendant's agreement to employ
26  Plaintiff, Harvey Butler agreed to utilize best efforts in
27  serving Defendant's interest and to work no less than 40 hours
28  per week in said capacity.

1       61. Defendant terminated Plaintiff Harvey Butler's

2   employment on April 1, 2009. At the time of his employment

3   termination his earned annual compensation was in excess of

4   $75,000 annually and at all relevant times herein mentioned

5   Plaintiff was qualified for the position he held with Defendant.

6       62. During the period of Harvey Butler's employment with

7   Defendant he became aware of and protested Davis Calibration's

8   managerial employees conduct, which was authorized by its

9   managerial employees, which was in violation of California

10  Policy.

11      63.   More particularly said conduct consisted of fraud

12  perpetrated on customers of Davis Calibration who submitted

13  product designed and assembled by them to David Calibration for

14  reliability and environmental testing. These products after

15  testing were distributed to commercial customers.

16      64. Davis Calibration did represent to customers that it had

17  completed the testing required by the customer to ensure the

18  product did not possess undue risk of or injury to the general

19  public when it had not conducted the appropriate testing.

20      65. As a result of the protestation of Plaintiff regarding

21  this fraud of Davis Calibration, Davis Calibration did terminate

22  Harvey Butler's employment as hereinabove alleged.

23      66. As a result of Defendant's retaliation against Plaintiff

24  as alleged above Plaintiff has been harmed in that he has

25  suffered the loss of employment and employment related

26  opportunities all to his general damage in a sum not yet

27  ascertained.

28      67. As a further proximate result of Defendant's retaliatory

1   action against Plaintiff as hereinabove alleged Plaintiff has
2   been harmed in that he has been injured in his mind and body and
3   has suffered severe and intense emotional distress.

4        68. The termination of Plaintiff as herein above described
5   was malicious and oppressive warranting the assessment of
6   exemplary damage.

7                             COUNT IX

8                        Unpaid Compensation

9                         (Harvey Butler)

10       69. Plaintiff incorporates herein by reference paragraphs
11  one through three of this complaint as though set forth in full.

12       58.  Plaintiff Harvey Butler as an employee of General
13  Electric pursuant to the written policies of General Electric had
14  an employee benefit consisting of the right to be paid one-week's
15  severance pay for each year of service in the event his
16  employment was terminated.

17       59.  At the time Plaintiff commenced employment with
18  Defendant Davis Calibration, LLC by and through its managerial
19  employees expressly represented to and agreed with Plaintiff
20  Harvey Butler that the policies of General Electric pertaining to
21  employee benefits would continue and that Plaintiff Harvey Butler
22  would have the same benefits as an employee of Davis Calibration
23  as he had with General Electric and that his length of service
24  with Davis Calibration would be computed based on his initial
25  date of employment with General Electric.

26       60.  At the time of his employment termination as herein
27  above alleged Plaintiff Harvey Butler was entitled to receive
28  five weeks severance pay based on his date of initial employment

1  with General Electric. Said funds were not paid within twenty-
2  four hours of Plaintiff Harvey Butler's termination as required
3  under California Labor Code Sec. 201-203.
4      61.   Further Davis Calibration withheld one week of pay from
5  Plaintiff Harvey Butler, which was not paid him within the
6  twenty-four hours of Plaintiff Greg Parker's employment
7  termination. Plaintiff Harvey Butler is therefore entitled to
8  waiting time penalties in the sum equal to compensation for
9  thirty working days as well as attorney fees under California
10  Labor Code Section 317.
11     WHEREFORE Plaintiffs pray Judgment against Defendant as
12  follows:
13  1.   For Judgment for Jan Martin:
14      a. On Count I for back pay, front pay, damages for
15         emotional distress according to proof, the assessment
16         of exemplary damages against Defendant Davis
17         Calibrations and attorney fees according to proof.
18      b. On Count II for unpaid compensation, waiting time
19         penalties and attorney fees according to proof.
20  2.   For Judgment for Greg Parker:
21      a. On Count III for back pay, front pay, damages for
22         emotional distress according to proof, the assessment of
23         exemplary damages against Defendant Davis Calibrations
24         and attorney fees according to proof and emotional
25         distress damages.
26      b. On Count IV for unpaid compensation, waiting time
27         penalties and attorney fees according to proof.
28      c. On Count V for damages according to proof and the

1        assessment of exemplary damages against Davis Calibration
2        in a sum according to proof.
3    3.   For Judgment for Andrew Symons:
4        a. On Count VI for special and general damages according
5           to proof, and for the assessment of exemplary damages
6           against Defendant Davis Calibration.
7        b. On Count VII for unpaid compensation, waiting time
8           penalties and attorney fees according to proof.
9    4.   For Judgment for Harvey Butler:
10       a. On Count VIII for special and general damages according
11          to proof, the assessment of exemplary damages against
12          Defendant Davis Calibration.
13       b. On Count IX for unpaid compensation, waiting time
14          penalties and attorney fees according to proof.
15   5.   And for such other and further relief as to each
16        Plaintiff, which this court deems just and proper.
17 Dated: September 3, 2009
18                         _____/S/_____
19                         Frank E. Mayo, Attorney for Plaintiffs
20
21
22
23
24
25
26
27
28

17

STIPULATION TO THE FILING OF PLAINTIFFS' FIRST AMENDED COMPLAINT